UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| TONYA H.,[1] | CIV. 20-5008-JLV |
| Plaintiff, | |
| vs. | REDACTED ORDER |
| DR. KILOLO KIJAKAZI,[2] Acting Commissioner, Social Security Administration, | |
| Defendant. | |

Plaintiff filed a motion for attorney's fees pursuant to 42 U.S.C. § 406(b).

(Docket 34).  Section 406(b) provides:

> (1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. . . .

---

[1]The Administrative Office of the Judiciary suggested the court be more mindful of protecting from public access the private information in Social Security opinions and orders.  For that reason, the Western Division of the District of South Dakota will use the first name and last initial of every non-governmental person mentioned in the opinion.  This includes the names of non-governmental parties appearing in case captions.

[2]Dr. Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021.  Pursuant to Fed. R. Civ. P. 25(d), Dr. Kijakazi is automatically substituted for Andrew Saul as the defendant in all pending social security cases.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

42 U.S.C. § 406(b)(1)(A).  Plaintiff was the successful party in this litigation.

See Dockets 25 & 26.  The Commissioner does not oppose plaintiff's motion.

(Docket 37).

Following the court's order reversing the decision of the agency and remanding for calculation and award of benefits (Docket 25 at p. 28), the Commissioner awarded past due benefits.  See Docket 39-1 at p. 2.  Under § 406(b)(1)(A), the Commissioner withheld 25 percent of that amount, $18,706.50, for payment of attorney's fees.  Id. at p. 3.

The court previously awarded attorney's fees of $2,552.25 under 28 U.S.C. § 2412(d), the Equal Access to Justice Act ("EAJA").  (Docket 33 at p. 1).  This EAJA payment constitutes an offset against any further award of attorney's fees.  Id. at p. 2.  Plaintiff's counsel is seeking a final net payment of $16,154.25 from the sum being withheld by the Commissioner.  (Docket 34 at p. 1).

"The Supreme Court stated that, while the district court may consider the hourly rate in determining the reasonableness of a fee award, the court must first consider the fee agreement, testing it for reasonableness; then reduce the fees based on the character of the representation and results achieved, whether counsel was responsible for delay, and whether the benefits achieved were large in comparison to the time expended by counsel."  Jones v. Berryhill, 699 Fed. Appx. 587, 588 (8th Cir. 2017) (unpublished) (citing Gisbrecht v. Barnhart, 535 U.S. 789, 807-08 (2002)).

The court analyzed the reasonableness of the contingent fee agreement, the nature of counsel's representation of plaintiff and the fee award as Jones

and <u>Gisbrecht</u> require.  Plaintiff demonstrates the fee agreement is reasonable.  <u>See</u> Docket 35.  The character of plaintiff's representation and the results achieved support concluding the fee award is reasonable.  The court finds the fee agreement and fee award adequately fit within the requirements <u>Jones</u> and <u>Gisbrecht</u> set forth.

Accordingly, it is

ORDERED that plaintiff's motion (Docket 34) is granted.

IT IS FURTHER ORDERED that pursuant to 42 U.S.C. § 406(b)(1)(A) plaintiff's attorney, Michael J. Simpson, is entitled to an award of $18,706.50 for attorney's fees for his professional services in this case.

IT IS FURTHER ORDERED that the EAJA payment of $2,552.25 is an offset or credit against this award.

IT IS FURTHER ORDERED that the Commissioner shall pay Attorney Michael J. Simpson, 1600 Mountain View Road, Suite 110, Rapid City, SD 57702, the net sum of $16,154.25 out of the funds being held for this purpose pursuant to 42 U.S.C. § 406(b)(1)(A).

IT IS FURTHER ORDERED that the Commissioner shall pay plaintiff the remaining sum of $2,552.25 out of the funds being held pursuant to 42 U.S.C. § 406(b)(1)(A).

Dated October 26, 2021.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE